# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

**In Re:**

JUDY A. MARTELL,
aka JUDY A. HENRIE,

**Debtor.**

**Bankruptcy Case**
No. 04-03422

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

    Bert L. Osborne, Payette, Idaho, Attorney for Debtor.

    Lois Murphy, Boise, Idaho, Chapter 7 Trustee.

### Background

Chapter 7 Debtor Judy Martell ("Debtor") and her spouse expect to receive a federal tax refund of over $5,000 and, in a preemptive strike, she has filed a motion seeking "turnover" of the funds from Lois Murphy, the Trustee in her bankruptcy case ("Trustee"). Mot., Docket No. 10. The Court conducted a hearing on Debtor's motion on March 30, 2005, and after hearing oral argument, took the matter under advisement. This Memorandum constitutes the Court's

MEMORANDUM OF DECISION - 1

findings of fact, conclusions of law and disposition concerning the motion. Fed. R. Bankr. P. 7052; 9014.

**Facts**

The parties did not offer affidavits, evidence, testimony, or a stipulation to establish the relevant facts. Instead, the Court must glean most of the pertinent facts, which appear undisputed, from the representations of Trustee and Debtor's counsel made at the hearing, and from the pleadings contained in the Court's file.[1]

Debtor, who was previously divorced, remarried on March 23, 2003. She filed a voluntary Chapter 7 bankruptcy petition on September 22, 2004. Docket No. 1. Her spouse did not join in the petition. And while Debtor's schedules do not specify the nature of her debts, her attorney represents that all of the debts listed in her schedules are her separate obligations incurred prior to her current marriage.

Debtor and her current husband filed a joint tax return for the 2004 tax year. They are entitled to receive a federal tax refund in the amount of

---

[1] To the extent required, the Court takes judicial notice of its file in this matter. Fed. R. Evid. 201(c). The statements contained within Debtor's petition and schedules may be treated as admissions under Fed. R. Evid. 801(d)(2). *In re Moore*, 01.4 I.B.C.R. 147, 149 n.7 (Bankr. D. Idaho 2001) (treating statements contained within a debtor's schedules as admissions).

MEMORANDUM OF DECISION - 2

$5,258.00; they owe income tax to the State of Idaho.  Of the total refund, Trustee claims $3,838.34 constitutes property of Debtor's bankruptcy estate.  This sum represents a prorated portion of the refund corresponding to the date of Debtor's bankruptcy filing.  While the Court does not have access to the tax return, in looking at Debtor's Schedule I, it is safe to assume that the majority of the funds paid for federal taxes during 2004 were withheld from Debtor's husband's wages, since he earns approximately $3,600 per month while Debtor earns only $540 per month.  Debtor represents that, had she filed a separate tax return, the portion of the refund attributable to taxes withheld from her wages would amount to $240.

Debtor concedes that under Idaho law the tax refund is community property in which she holds an undivided interest.  But she argues that, as community property, the money should not be used to pay her separate prenuptual debts. Instead, Debtor argues that Trustee should be ordered to relinquish the refund in its entirety.  In the alternative, Debtor insists that, as community property, Trustee is entitled to only half of the refund and the remaining half should be turned over to her husband.  Trustee disagrees.  She argues that all of the prorated amount ($3,838.34) is bankruptcy estate property available for distribution to Debtor's creditors.

MEMORANDUM OF DECISION - 3

**Disposition**

Section 541(a)(1) of the Bankruptcy Code brings into the bankruptcy estate all of a debtor's legal or equitable interests in property as of the commencement of the case. In addition to capturing the debtor's interest in property, the estate also includes "[a]ll interests of the debtor *and the debtor's spouse* in community property as of the commencement of the case that is . . . under the sole, equal, or joint management and control of the debtor . . . ." 11 U.S.C. § 541(a)(2) (emphasis added). The bankruptcy estate does not include any earnings of an individual debtor for services performed after the commencement of the case. 11 U.S.C. § 541(a)(6). Under this statutory scheme, Debtor's bankruptcy estate would include, as of the petition date, all of her interest in her separate property; all of her interest in any community property; and all of her husband's interest in any community property subject to the parties' joint management and control. The estate would exclude any funds representing Debtor's earnings for services performed after bankruptcy.

It is well established that whatever interest a debtor holds in a tax refund becomes property of the estate upon the filing of a bankruptcy petition. *In re Miller*, 00.1 I.B.C.R. 39, 39 (Bankr. D. Idaho 2000); *In re Cain*, 99.3 I.B.C.R. 109, 109 (Bankr. D. Idaho 1999); *In re Norris*, 91 I.B.C.R. 25, 25 (Bankr. D. Idaho

MEMORANDUM OF DECISION - 4

1991) (citing *Segal v. Rochelle*, 382 U.S. 375 (1966), and *Kokoszka v. Belford*, 417 U.S. 642 (1974)).  To determine the nature and extent of a debtor's interest in specific property, in this case tax refunds, the Court looks to state law.  *In re Gendreau*, 191 B.R. 798, 804 (B.A.P. 9th Cir. 1995) (citing *Butner v. United States*, 440 U.S. 48, 54 (1979)).

Under Idaho law, all property acquired after marriage by either the husband or wife is community property.  Idaho Code § 32-906(1).  This includes salaries received by either spouse from employment.  *Martsch v. Martsch*, 645 P.2d 882, 887 (Idaho 1982) ("All salaries are community property[.]").  Under Idaho Code § 33-912, both spouses are granted the right to manage and control community property.  *See Twin Falls Bank & Trust Co. v. Holley*, 723 P.2d 893, 897 (Idaho 1986) (recognizing that Idaho has established a rule of equal management of community assets or property).  More importantly, under Idaho case law, where funds are withheld from wages constituting community property, the corresponding tax refund is also community property.  *Hooker v. Hooker*, 511 P.2d 800, 803 (Idaho 1972); *Cummings v. Cummings*, 765 P.2d 697, 700 (Idaho Ct. App. 1988).[2]

---

[2] Although state law controls the characterization of a debtor's property rights, and this Court concurs with the state courts' conclusion that under these facts a tax refund constitutes community property, *Hooker* and *Cummings* treat the tax refund as a "return of earnings" while this Court has reached a different conclusion in its decisions.

MEMORANDUM OF DECISION - 5

Synthesizing the Code and state law, because the refunds are community property subject to equal management by either spouse, § 541(a)(2)(A) dictates that the entire prorated tax refund is property of Debtor's bankruptcy estate, to which Trustee is entitled under § 521(4).  *See In re Miller*, No. 99-00467, 1999 WL 33486718, at *1 (Bankr. D. Idaho July 23, 1999) (rejecting the argument that, because the debtor's debts were not community debts, the non-debtor spouse was entitled to a return of half of a federal tax refund).

Although Trustee is entitled to the tax refund, Trustee is required to segregate and administer the refund according to the distribution scheme of 11 U.S.C. § 726(c).  *See In re Hicks*, 300 B.R. 372, 377–78, 03.4 I.B.C.R. 210, 211–213 (Bankr. D. Idaho 2003) (explaining that when an individual petition is filed, § 726(c) requires the trustee to segregate community property into four "sub-estates" and to distribute estate assets based on a particular creditor's right to the assets in each sub-estate).  This distribution scheme is intended to parallel state law, but to the extent there are differences between the bankruptcy distribution scheme and state law, the state law scheme is preempted.  6 *Collier on Bankruptcy*

---

See *In re Reed*, 02.2 I.B.C.R. 98, 98 (Bankr. D. Idaho 2002) and the authorities cited therein (concluding that tax refunds are refunds of taxes paid).  However, this difference in opinion is of no moment in this decision.

MEMORANDUM OF DECISION - 6

¶ 726.05[1], at 726-19 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2004).

Although Idaho's statutes are silent concerning the liability of community assets for a spouse's antenuptual debts, the Idaho Court of Appeals, based upon statutory history and case law, has concluded that community property wages can be reached to satisfy such debts. *Action Collection Serv., Inc. v. Seele*, 69 P.3d 173, 178 (Idaho Ct. App. 2003).[3] Therefore, under the Idaho cases, the tax refund, as well as any other community property in which Debtor or her spouse has an interest as of the petition date, can be used by Trustee to satisfy Debtor's antenuptual, "separate" debts.[4]

---

[3] In *Seele*, a creditor obtained a judgment against the debtor prior to her second marriage. After she remarried, the creditor attempted to garnish the debtor's wages, and the debtor objected on the grounds that her wages were community property and therefore not liable for her "separate" debts. The Idaho Court of Appeals disagreed, finding that the legislative history and prior case law supported the conclusion that antenuptual creditors could satisfy debts from community property. The court astutely observed that to conclude otherwise would result in "marital bankruptcy, particularly if [the debtor] has insufficient separate property to satisfy the [debt]." *Seele*, 69 P.3d at 178.

[4] In this case, Debtor's schedules are woefully incomplete because they do not, as required by the form, identify whether the interest Debtor holds in the items of property listed is a community or separate property interest so that Trustee can distribute those assets as required by 11 U.S.C. § 726. Moreover, because Debtor was married when she filed her petition, to the extent Debtor failed to include all property in which she or her spouse held a community interest, those schedules may be incomplete for an additional reason. The schedules should be promptly amended to address this and any other deficiencies.

MEMORANDUM OF DECISION - 7

The outcome under the Code and state law is consistent in this case. Under § 726(c), Debtor's creditors' claims can be satisfied from community property. Section 726(c)(2)(A) requires that the claims of creditors (other than administrative expenses allowed under § 503), if they are "community claims against the debtor or the debtor's spouse," be paid from community property.[5] For bankruptcy purposes, a "community claim" is one "that arose before the commencement of the case concerning the debtor for which property of the kind

---

[5] The full text of section 726(c)(2)(A) states:

> (2) Allowed claims, other than claims allowed under section 503 of this title, shall be paid in the order specified in subsection (a) of this section, and, with respect to claims of a kind specified in a particular paragraph of section 507 of this title or subsection (a) of this section, in the following order and manner:
>
> (A) First, community claims against the debtor or the debtor's spouse shall be paid from property of the kind specified in section 541(a)(2) of this title, except to the extent that such property is solely liable for debts of the debtor.

As can be seen, if property of the bankruptcy estate is not "of the kind specified in section 541(a)(2)" because it is, under applicable state law, community property subject to one spouse's sole management and control, the distribution under this statute can be quite different in the case of a joint bankruptcy, or instead, the property may not be included within an individual debtor's estate at all. *See Ragan v. Comm'r of Internal Revenue*, 135 F.3d 329, 333 (5th Cir. 1998) (explaining that, under Texas law, personal earnings are under the sole management and control of the spouse who earned them, and therefore the tax refunds attributable to the nondebtor spouse's earnings would not be part of the debtor spouse's bankruptcy estate); *In re Hicks*, 300 B.R. at 377–78 (explaining that, in a joint bankruptcy, six sub-estates are created).

MEMORANDUM OF DECISION - 8

specified in section 541(a)(2) of this title is liable, whether or not there is any such property at the time of the commencement of the [bankruptcy] case . . . ." 11 U.S.C. § 101(7). Because all of the debts Debtor listed in her schedules arose before the commencement of the bankruptcy case and because community property is, under Idaho case law, liable for those claims, all of these debts constitute community claims for purposes of § 726(c).

## Conclusion

Simply put, all of the prorated tax refund constitutes property of Debtor's bankruptcy estate and is available to satisfy creditors' claims incurred by Debtor prior to her marriage. Debtor's motion to recover a portion of the prorated refund will be denied by separate order.

Dated: April 12, 2005

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 9